ASSAD G. KHOURI *et al. vs.* ARMANAG DAPPINIAN.

JULY 9, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

RATHBUN, J. This is a bill in equity to enjoin the respondent from obstructing an alleged right of way extending across the respondent's land. The cause is before us on appeal from the decree of the Superior Court granting the relief prayed for.

Michael Dillon who deceased in 1884 was the predecessor in title of both parties. Dillon by his will, after giving a life estate to his widow, divided the land, now owned by the parties hereto, by devising the parcel now owned by the respondent to the testator's son Charles and the parcel now owned by the complainants to the testator's daughter Elizabeth. The devise to Elizabeth gave her the use of a well on the land devised to Charles and also a right of way across said land to Central avenue.

The parties purchased their respective lots at about the same time and the respondent erected a fence on the line between the lots and thus closed the alleged right of way. In the complainants' chain of title are four deeds. The daughter of said Elizabeth held the property until November 19, 1921, when she deeded it to one Krasnik. The description in the deed of conveyance commences as follows: "That certain lot or parcel of land with the buildings and improvements thereon and the rights and easements appurtenant thereto." On March 1, 1923, Krasnik conveyed the premises to one Eassa who conveyed the same premises to the complainants. In the two latter conveyances the deeds were in the form of the usual warranty deed but neither made reference to any easement.

One of the questions raised is whether the will of said Dillon gave to his daughter Elizabeth a mere personal right, called a right in gross, to cross the land given to her brother or whether said will created an easement in the brother's land for the benefit of and running with the land of Elizabeth. We think the language of the will shows an intention to create an easement rather than a mere personal right.

The language is as follows: "Fifth: I give, devise and bequeath to my daughter Elizabeth Ann Rowe, wife of William H. Rowe, my house and lot on Middle street next adjoining my Homestead on the south with the privilege to use the well on said Homestead estate and a right of way to and from Central Avenue across said Homestead lot devised in this will to my son Charles H. Dillon to have possession at the decease of her mother and to hold during life and then to her children in fee forever." This court in *Cadwalader* v. *Bailey*, 17 R. I. 499, quoted with approval from Washburn on Easements as follows: "Though an easement, like a right of way, may be created by grant in gross, as it is called, or attached to the person of the grantee, this is never presumed when it can fairly be construed to be appurtenant to some other estate."

An easement appurtenant to the land having been created said easement passed by the deeds of the dominant estate even although the easement was not mentioned because the easement had attached to and runs with the land. See Tiffany on Real Property, 2nd Ed. Section 448, p. 1673; Washburn on Easements, 4th Ed. p. 59; *Cadwalader* v. *Bailey*, 17 R. I. 495.

The appeal is dismissed. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Thomas L. Carty*, for complainants.
*Uldrich Pettine*, for respondents.